# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, | Civil Action No.: 2:21-cv-2623-MBS |
| Plaintiff, | |
| v. | ORDER |
| Melvin O. Lamb III, Melvin O. Lamb Jr., The Estate of James K. Workman, Michael H. Moore, Deborah D. Plott, Angela R. Edwards, Constance J. Molinaro, Mario F. Molinaro, Jonathan D. Keller, Katherine M. Vonesh, Mathis S. Billman, and Luke E. Billman, | |
| Defendants. | |

This matter is before the court on Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Motion to Dismiss"), Motion to Stay Discovery, Motion for Service by Publication, and Motion for Protective Order. Defendant the Estate of James K. Workman (the "Estate of Workman") opposes the Motion to Dismiss and has filed a Motion for Sanctions as to State Farm. For the reasons explained below, the Motion to Dismiss is granted, the Motion for Sanctions is denied, and the remaining motions are denied as moot.

## BACKGROUND

State Farm initiated this action seeking a declaratory judgment as to its duty to defend or indemnify Defendants Melvin O. Lamb, III and his son, Melvin O. Lamb, Jr., for all claims related to or arising out of a motor vehicle accident that occurred in Mount Pleasant, South Carolina, on or about June 12, 2021. The complaint references an automobile insurance policy

issued by State Farm to Melvin O. Lamb, Jr., which provides for bodily injury liability limits in the amount of $25,000 per person/$50,000 per accident and property damage limits of $25,000 per accident (the "Policy") and references a driver exclusion endorsement (the "Exclusion") that State Farm contends excludes Melvin O. Lamb, III from coverage under the Policy. ECF No. 1 at ¶¶ 18, 19. State Farm alleges that Melvin O. Lamb, Jr. signed the Exclusion pursuant to S.C. Code Ann. § 38-77-340 and "confirmed that either the driver's license of [Melvin O. Lamb, III] had been turned in to the Department of Motor Vehicles or that [Melvin O. Lamb, III] obtained appropriate insurance through another policy." *Id.*

The car accident occurred while Melvin O. Lamb, III was driving a 2004 Chevrolet Tahoe owned by Melvin O. Lamb, Jr. and insured under the Policy. The complaint alleges that Melvin O. Lamb, III struck the rear of the Estate of Workman's vehicle, "which was stopped due to traffic," and that the "impact started a chain-reaction causing Workman to strike the vehicles operated by [Defendant Michael H. Moore] and [Defendant Jonathan D. Keller]." ECF No. 1 at ¶ 22. The complaint alleges that Melvin O. Lamb, III then "struck the vehicles operated by Moore, [Defendant Deborah D. Plott] and [Defendant Angela R. Edwards] and that "Moore and Edwards each then struck the vehicle operated by [Defendant Constance Molinaro] and owned by [Defendant Mario Molinaro], and Plott struck the vehicle operated by Mathis and owned by Luke." *Id.* at ¶ 24. The complaint alleges that Mr. Workman died as a result of the injuries he sustained during the accident. *Id.* at ¶ 25. State Farm filed the complaint contending that based upon the Exclusion and applicable South Carolina law, "it has no duty to defend or indemnify [Melvin O. Lamb, III or Melvin O. Lamb, Jr.] from any claim arising out of the accident described herein." *Id.* at ¶ 27. In so contending, State Farm sought the following relief: a declaration that the Exclusion is valid and enforceable; a declaration that the Exclusion excludes

2

coverage for any bodily injury, loss, or damage that occurred while Melvin O. Lamb, III was operating a motor vehicle; and a declaration that State Farm has no duty or obligation to defend or indemnify Melvin O. Lamb, III or Melvin O. Lamb, Jr. for the claims arising out of the motor vehicle accident described herein.

Melvin O. Lamb, Jr. filed an answer and asserted a counterclaim contending that "State Farm should be ordered to continue to defend the Defendant in the underlying automobile accident tort litigation instituted by Defendant Workman, and to indemnify Defendant for any liability for the same, which is specifically denied." ECF No. 42 at 2. The Estate of Workman filed only an answer to the complaint.[1] The parties proceeded with discovery and, in January 2022, State Farm filed a motion seeking to serve Melvin O. Lamb, III by publication. Approximately three weeks later, State Farm filed the Motion to Dismiss.

In the Motion to Dismiss, State Farm asserts:

> [it] is and has been defending Melvin O. Lamb, Jr., in an underlying lawsuit brought against him by the Estate of James K. Workman ("the Estate"). No other lawsuits are pending against Melvin O. Lamb, Jr. arising out of the automobile accident. Further, upon information and belief, no civil actions have been brought against Melvin O. Lamb, III arising out of the automobile accident.

ECF No. 64 at 1. State Farm further asserts:

> [it] has reached a resolution of the coverage issues that are the subject of this action and has agreed to defend and indemnify the insureds, Melvin O. Lamb, Jr. and Melvin O. Lamb, III, under the subject policy for claims that have been, or may be brought against them arising out of the automobile accident, under the terms of the subject policy.
>
> State Farm's resolution of the coverage issues with the insureds moots this declaratory judgment action, including the counterclaim asserted by Melvin O. Lamb, Jr., and there is no justiciable controversy to be resolved by the court.

---

[1] Defendants Keller, Edwards, and the Molinaros were dismissed by stipulation. Defendants Moore, Plott, Vornesh, and the Billmans failed to enter an appearance and default was entered as to them.

3

*Id.* at 2.  State Farm states it sought to voluntarily dismiss the action and that the Estate of Workman does not consent.  Accordingly, State Farm seeks an order from the court dismissing this case pursuant to Rule 41(a)(2).

State Farm also filed a Motion to Stay Discovery pending disposition of the Motion to Dismiss.  ECF No. 65.  The Estate of Workman filed an opposition brief to the Motion to Dismiss and Motion to Stay Discovery, ECF No. 67, and filed a Motion for Sanctions as to State Farm, ECF No. 66.  State Farm and the Estate of Workman then filed a joint motion asking the court to stay briefing on these motions pending the two parties' efforts to resolve the dispute through mediation.  ECF No. 68.  The parties were ultimately unsuccessful at reaching a resolution.  The pending motions are now ripe and, on June 3, 2022, State Farm filed a Motion for Protective Order to prevent the Estate of Workman from deposing three State Farm employees until and unless the court denies the Motion to Dismiss.  ECF No. 84.

The court exercises subject matter jurisdiction pursuant to 28 U.S.C § 1332 and, for the reasons discussed below, grants the Motion to Dismiss and denies the Motion for Sanctions.

## LEGAL STANDARD

Rule 41(a) permits a plaintiff to dismiss an action without a court order by filing either a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared.  Fed. R. Civ. P. 41(a)(1).  Rule 41(a)(2) provides that where the terms of Rule 41(a)(1) are not satisfied, a plaintiff may dismiss an action by court order only.  Rule 41(a)(2) applies here because the only two Defendants to appear in this matter each filed an answer and the Estate of Workman does not consent to State Farm's voluntary dismissal.

Whether to grant a voluntary dismissal under Rule 41(a)(2) lies within the discretion of the court. *Davis v. USX, Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Id.* (citations omitted). The Rule authorizes the court to impose conditions on a voluntary dismissal so as to "obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." *Id.* "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* (citation omitted).

Also at issue here is the Estate of Workman's Motion for Sanctions, made pursuant to Federal Rule of Civil Procedure 37. Rule 26(b)(1) authorizes discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

On proper notice, a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). If a party fails to obey an order to provide or permit discovery, the court may order sanctions, to include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* at Rule 37(b)(2)(A). Instead of or in addition to the above sanctions, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* at Rule 37(b)(2)(C). The court may also impose any of the above-described sanctions, or any other appropriate sanctions, in the event a party fails to provide information or identify a witness as required by Rule 26(a) or (e), *id.* at Rule 37(c)(1), or fails to serve answers to interrogatories, *id.* at Rule 37(d)(1), (3).[2]

## DISCUSSION

### I.     Arguments

The Estate of Workman opposes the Motion to Dismiss and bases its opposition on the same contention that serves as the basis for its Motion for Sanctions, the allegation that State Farm "attached a bogus policy declarations page to its Complaint to support the exclusion." *Id.* The Estate of Workman asserts that State Farm "now admits the declarations page was created after the wreck," and further asserts that "the policy endorsement form that State Farm cited as a basis for excluding [Melvin O. Lamb, III] was never approved by the S.C. Department of Insurance as

---

[2] The Estate of Workman also moves for sanctions pursuant to 28 U.S.C. § 1927, "the Court's inherent power," and to "other law." ECF No. 66 at 2. Section 1927 provides, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Estate of Workman does not discuss application of this provision in its Motion, nor does the record plainly demonstrate how State Farm has acted so as to multiply proceedings unreasonably or vexatiously. As for the reference to "other law," Federal Rule of Civil Procedure 11 imposes certain requirements on attorneys with respect to the representations they make to a court in their pleadings, motions, and other papers and authorizes the court to order sanctions upon a finding that those requirements have been violated. However, the Estate of Workman does not assert any argument that sanctions under Rule 11 would be appropriate and the court is not inclined to address the matter *sua sponte*, particularly in light of the testimonial evidence provided in State Farm's response to the Motion for Sanctions.

6

required by S.C. Code Ann. § 38-77-340." *Id.* at 3. More specifically, the Estate of Workman alleges:

> Defendant Workman Estate served discovery on State Farm seeking evidence supporting its allegations, including that it "investigated this matter and believes based upon the Policy exclusion referenced herein and applicable South Carolina law, it has no duty to defend or indemnify the Father or Son…" [] Defendant also sought evidence that supports State Farm's claim it had issued a valid and effective endorsement excluding coverage for "Policy 632-3189-B07-40" that complied with S.C. Code Ann. §38-77-340. [] State Farm objected. (ECF 66-14, State Farm's Responses to Workman's Second Discovery Requests dated Jan. 28, 2022 and ECF 66-11 State Farm's Objections to Workman's Request for Admission and Third Discovery Requests dated Jan. 28, 2022.) Now, State Farm seeks protection from having to answer, along with an order allowing the DJ action to be dismissed. []

*Id.* at 3. The Estate of Workman asserts that the court should permit voluntary dismissal only upon the imposition of the following conditions: "State Farm be required to answer all outstanding discovery and divulge any agreement regarding dismissal that it struck with [Melvin O. Lamb, Jr.]"; and "a finding that State Farm's policy exclusion is ineffective." ECF No. 67 at 2. In addition to asking the court to impose the conditions described above, the Estate of Workman asks in the Motion for Sanctions for the court to order "compensation for counsel's time, expense," and to "enjoin State Farm from filing declaratory judgment actions in this district only upon the satisfaction of certain steps like attaching a verification subject to penalty of perjury signed by an executive of State Farm." ECF No. 66 at 17.

> In its response to the Motion for Sanctions, State Farm states:
>
> [its] Underwriting Department made a series of administrative errors relative to the [P]olicy following its February 2020 inception. These administrative errors resulted in the Underwriting Department's incomplete processing of the applicable excluded driver endorsement and the omission of the endorsement from the policy's declarations pages; the Claims Department being unaware of the applicable excluded driver endorsement and therefore making misstatements during claim handling regarding coverage available under the [P]olicy; and, upon realizing its prior omission, the Underwriting Department's post-loss preparation of a new declarations page listing the endorsement. These mishaps and the correction of the same occurred

7

> before the filing of [this action], not for purposes of filing [this action], and none of them are fraudulent.

ECF No. 81 at 2, 3-5.  *See* ECF Nos. 81-1, 81-2 (declaration and transcript of deposition testimony of Shay Anderson, Team Manager of State Farm's Underwriting Department, chronicling administrative errors concerning the Policy and Exclusion).  *See also* ECF No. 81-3 (declaration of Darren Murdoch, State Farm Claim Team Manager, attesting to the fact that when a claim was submitted regarding the motor vehicle accident, a State Farm claim specialist learned of a possible driver exclusion and determined an investigation was necessary).

State Farm also recounts that counsel for the Estate of Workman took State Farm's Rule 30(b)(6) deposition on December 14, 2021, and "focused his questions on the administrative errors discussed above and whether the Excluded Driver Endorsement form was approved by the SCDOI."  ECF No. 81 at 8.  State Farm represents that "[s]hortly after the deposition, and considering the totality of the circumstances, State Farm agreed to withdraw its reservation of rights, defend and indemnify Mr. Lamb and Lamb III, and sought consent from the parties to dismiss [this action]."  *Id.*  State Farm asserts that following the Estate of Workman's objection to a voluntary dismissal and its filing of the Motion for Sanctions, State Farm "requested the amount of attorneys' fees and costs incurred by Mr. Lamb and the Estate, requested mediation, agreed to pay the attorneys' fees submitted by Mr. Lamb, and agreed to pay the Estate $10,000,000 in exchange for a full release of the claims against Mr. Lamb and Lamb III."  *Id.*  In addition to providing this background and asserting the Motion for Sanctions misconstrues the nature of State Farm's administrative mistakes, State Farm argues that "the Motion does not identify an appropriate basis for sanctions under the facts of this case," and moreover is procedurally defective.

In its reply in support of its Motion, the Estate of Workman reiterates that this action is "based on a fraudulently created document, a policy declarations page created more than a month after the collision, and a false certification about which policy was in effect at the time of the collision," and essentially asserts that State Farm's acknowledgement of its duty to defend and indemnify Melvin O. Lamb, III is not relevant to the issues raised in the pending motions.

## II.    Findings

The court addresses the Motion to Dismiss first and finds that voluntary dismissal is appropriate. First, there is no suggestion in the briefs that the Lambs are prejudiced by State Farm's dismissal of this case and it is not clear to the court how the Estate of Workman would be prejudiced. The Estate of Workman does not reference the word prejudice in its response to the Motion to Dismiss and does not otherwise illustrate any prejudice incurred. Rather, the Estate of Workman states simply that "State Farm initiated this action [] [and] [n]ow that Defendants have caught State Farm trying to avoid responsibility without a good faith basis, State Farm should not simply be allowed to walk away." ECF No. 67 at 7. The court notes from its own review of the docket that the case was filed in August 2021, less than a year ago, and the discovery process commenced in September 2021 with the issuance of a scheduling order. The case is still young and the parties have not yet invested time and energy into undertakings such as extensive discovery practice or preparing motions for summary judgment.

Second, the Estate of Workman did not assert a counterclaim against State Farm and has not moved to amend its pleading to assert any such counterclaim. The Estate of Workman is merely defending against the complaint that State Farm filed. State Farm represents, and no one refutes, that the controversy alleged in the complaint is resolved in its entirety. Accordingly, there is no longer a live dispute for the court to adjudicate. As for the court's ability to impose conditions

on a voluntary dismissal, the court finds that neither of the proposed conditions is appropriate. The court declines to order State Farm to engage in additional discovery, for reasons addressed below, and also declines to render an advisory opinion on State Farm's policy exclusion. The finality of a Rule 41 dismissal is sufficient to trigger the protections of *res judicata*. *See Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 319-20 (4th Cir. 2002) (holding that "claim preclusion requires only a valid and final judgment").

With respect to the Motion for Sanctions, the Estate of Workman requests relief based on allegations that State Farm has committed fraud on the court—not based on an argument that State Farm has engaged in discovery abuses. ECF No. 83 at 3 (asserting the Motion for Sanctions "seeks to hold State Farm accountable for filing false documents in the U.S. District Court to have this Court determine that based on the documents it attached, it had no responsibility to its insureds"). Indeed, there is no record of State Farm disobeying a discovery order or violating the rules governing discovery.[3] Furthermore, there is no live claim pending in this action on which the court could order the parties to engage in discovery; as mentioned, the Estate of Workman did not assert a counterclaim. Discovery is appropriate only insofar as it relates to a party's claim or defense. As State Farm contends in its response to the Motion for Sanctions, the discovery the Estate of Workman continues to seek is simply not relevant to any claim or defense because the underlying dispute has been resolved and the Estate of Workman did not assert an independent claim against State Farm. The requested discovery is similarly out of proportion to the needs of the case.

---

[3] The Estate of Workman filed a motion to compel against State Farm in November 2021, ECF No. 44, and withdrew the motion ten days later, ECF No. 45.

For these reasons, the court grants the Motion to Dismiss, ECF No. 64, denies the Motion for Sanctions, ECF No. 66, and dismisses this case with prejudice pursuant to Rule 41(a)(2). The Motion for Service by Publication, ECF No. 63, the Motion to Stay Discovery, ECF No. 65, and the Motion for Protective Order, ECF No. 84, are denied as moot.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

July 28, 2022
Charleston, South Carolina